IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carolyn Yvonne Murphy Taylor, <br><br> Plaintiff, <br><br> v. <br><br> City of Columbia; Teresa Wilson, *City Manager*; David Hatcher, *Chief Code Enforcement Officer*; Stacy Harris, *Code Enforcement Officer*, <br><br> Defendants. | C/A No. 3:20-cv-01275-JFA-PJG <br><br><br> **ORDER** |

Plaintiff, Carolyn Yvonne Murphy Taylor, brings this civil rights action pursuant to 42 U.S.C. § 1983, asserting several violations of her constitutional rights. In lieu of answering Plaintiff's complaint, the Defendants collectively filed a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 18). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), all pretrial proceedings, including the instant motion to dismiss, were referred to the Magistrate Judge for initial review.

After reviewing the Motion to dismiss and all relevant submissions, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 41). Within the Report, the Magistrate Judge recommends that

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Defendants' motion to dismiss be denied in part and granted in part. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff and Defendants were advised of their right to object to the Report, which was entered on the docket on October 22, 2020. *Id.* The Magistrate Judge required objections, if any, to be filed by November 5, 2020. *Id.* None of the parties submitted any objections. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, each party has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that Defendants' motion to dismiss should be denied in part and granted in part.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 41). Consequently, Defendant's motion to dismiss (ECF No. 18) is granted in

part and denied in part. Specifically, Plaintiff's official capacity claims against Teresa Wilson, David Hatcher, and Stacy Harris and individual capacity claims against Wilson and Hatcher are dismissed. However, the motion to dismiss is denied as to the defendants' other grounds. This matter is referred back to the Magistrate Judge for further proceedings. IT IS SO ORDERED.

November 13, 2020  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge